# Exhibit 2

Case Number: NC-2017-0014
Filed in Newport County Superior Court
Submitted: 1/11/2017 4:45:04 PM
Envelope: 890811
Reviewer: Patricia DelBrocco

| | |
|---|---|
| STATE OF RHODE ISLAND<br>NEWPORT, SC. | SUPERIOR COURT |
| COURTNEY KELLOGG  :<br>  :<br>VS.  :<br>  :<br>CITADEL COMMUNICATIONS, LLC<br>d/b/a WLNE-TV, CITADEL<br>COMMUNICATIONS, LTD, SINCLAIR<br>COMMUNICATIONS, LLC d/b/a WJAR-TV,<br>WJAR LICENSEE, LLC d/b/a WJAR-TV<br>and SINCLAIR BROADCAST GROUP, INC. | C.A. NO: NC-2017-0014 |

## COMPLAINT

### I. PARTIES

1. Plaintiff, Courtney Kellogg is a resident of the Town of Portsmouth, State of Rhode Island (herein after "Kellogg").

2. Defendant, WLNE-TV is a broadcast television station affiliated with the ABC Television Network and operating under a license issued by the Federal Trade Commission with the permission of the Federal Communications Commission (herein after "FCC") to Defendant Citadel Communications, LLC. WLNE-TV owns, operates and maintains an internet website www.abc6.com.

3. Defendant Citadel Communications, LLC is a Delaware limited liability company registered to conduct and transact business in the State of Rhode Island with a principal place of business located at 10 Orms Street, Providence, Rhode Island, and 117 Ponderfield Road, Bronxville, NY.

4. Defendant Citadel Communications, Ltd is upon information and belief, a Delaware corporation with a principal place of business located at 117 Ponderfield Road,

Case Number: NC-2017-0014
Filed in Newport County Superior Court
Submitted: 1/11/2017 4:45:04 PM
Envelope: 890811
Reviewer: Patricia DelBrocco

Bronxville, NY and is the owner, parent, or member of Defendant Citadel Communications, LLC.

5. Defendant WJAR-TV is a broadcast television station affiliated with the NBC Television Network and operating under a license issued by the Federal Trade Commission with the permission of the FCC to Sinclair Communications, LLC and/or WJAR Licensee, LLC. WJAR-TV owns, operates and maintains an internet website www.turntoten.com.

6. Defendant Sinclair Communications, LLC is a Maryland limited liability company registered to conduct and transact business in the State of Rhode Island with a principal place of business located at 23 Kenney Drive, Cranston, RI and 10706 Beaver Dam Road, Cockeysville, Maryland.

7. Defendant WJAR Licensee, LLC is upon information and belief a foreign corporation with a principal place of business located at at 23 Kenney Drive, Cranston, RI and 10706 Beaver Dam Road, Cockeysville, Maryland.

8. Defendant Sinclair Broadcast Group, Inc. is a foreign corporation and upon information and belief, either the owner, parent, or member of Defendant Sinclair Communications, LLC, and/or WJAR Licensee, LLC and is believed to have a principal place of business located in Hunt Valley, Maryland.

## II. JURISDICTION

9. This Court has personal jurisdiction over the named Defendants in as much as each Defendant has sufficient minimum contacts with the State of Rhode Island. This Court has subject matter jurisdiction over the controversy pursuant to R.I.G.L. §8-2-14 and 9-1-28.1(a)(3).

10. Venue is proper pursuant to R.I.G.L. §9-4-3.

2

Case Number: NC-2017-0014
Filed in Newport County Superior Court
Submitted: 1/11/2017 4:45:04 PM
Envelope: 890811
Reviewer: Patricia DelBrocco

### III. FACTUAL AVERMENTS

11. The allegations set forth in Paragraphs 1 – 10 are restated and incorporated herein by reference.

12. Upon information and belief, on or before November 3, 2016 an individual known and referred to as "John Doe" provided a 'thumb-drive' containing sexually explicit emails, videos, texts, photographs and other documents to Plaintiff's employer, the Town of Portsmouth; and on or before November 9, 2016 "John Doe" provided the same or a similar 'thumb-drive' to WPRI-TV, Defendant WLNE-TV, and Defendant WJAR-TV containing sexually explicit emails, videos, texts, photographs and other documents relating to Plaintiff.

13. On or about November 10, 2016, WPRI-TV reporter Walter Buteau and Defendant WJAR-TV reporter Michelle San Miguel contacted Plaintiff seeking comment on the content of the emails, videos, texts, photographs, and other documents contained on the thumb-drive provided to them by "John Doe".

14. Plaintiff, through her then legal counsel, advised Buteau and San Miguel that she had no comment on the content of the emails, videos, texts, photographs and other documents, other than to state that Plaintiff had recently terminated a relationship with "John Doe" and that he expressed to her in no uncertain terms that he intended to personally and professionally ruin and take revenge against her and that he was "going scorched earth, like I did to my ex-wife, ex-fiancé and former girlfriend".

15. In addition, on November 10, 2016, Plaintiff's then counsel faxed to Buteau and San Miguel, lengthy investigative reports from a private investigator hired by Plaintiff which unequivocally showed that "John Doe" had a previous history of being completely incapable of dealing with rejection and that in specific instances outlined in detail in the investigative reports

3

Case Number: NC-2017-0014
Filed in Newport County Superior Court
Submitted: 1/11/2017 4:45:04 PM
Envelope: 890811
Reviewer: Patricia DelBrocco

wreaked havoc upon, and revenge against, other women that had similarly dismissed him. All these materials were faxed to Buteau and San Miguel in an effort to convince them that the salacious subject matter of the content of documents on the thumb-drive was not of legitimate concern to the public. Upon information and belief, Buteau and San Miguel were also advised that on August 12, 2016, a District Court Judge had issued the Plaintiff a civil Restraining Order against "John Doe".

16. Plaintiff resigned her position as a clerk with the Portsmouth Middle School and the Town of Portsmouth.

17. On November 14, 2016, WPRI-TV and its reporter Walter Buteau, aired a story on the 6 p.m. news, the www.wpri.com website and a link to the story on WPRI-TV's Facebook page without identifying the Plaintiff by name, which in summary stated that a Portsmouth school clerk resigned her position after a school investigation into inappropriate emails sent from her work computer.

18. On November 14, 2016, Defendant WJAR-TV and its reporter San Miguel, aired a story on the 6 p.m. news, the www.turntoten.com website and a link to the story on WJAR-TV's Facebook page in which she specifically identified the Plaintiff, showed texts and/or emails, and interviewed on-air, the person who gave her the thumb-drive, believed to be "John Doe" whose identity was disguised with a black hood and voice altered, and went to the Plaintiff's home (with a camera crew) seeking comment. Plaintiff's home and address was shown on-the-air. Plaintiff's home is located on a private road and San Miguel and her camera crew trespassed on her property. San Miguel and Defendant WJAR-TV revealed on-the-air, its website and Facebook page, specific and identifiable texts and emails and other identifiable information which concerned private facts relating to the Plaintiff's private life.

4

19. On November 14, 2016 Defendant WLNE-TV and its reporter Samantha Fenlon, aired a story on the 6 p.m. news, the website www.abc6.com and a link to the story on WLNE-TV's Facebook page in which she specifically identified the Plaintiff, showed texts and/or emails and two photographs of Plaintiff in scantily clad attire. Fenlon and Defendant WLNE-TV revealed on-the-air, its website and Facebook page, specific and identifiable texts, emails and photographs which concerned private facts relating to the Plaintiff's private life.

20. Upon information and belief, immediately following the airing of the story on WPRI-TV, WJAR-TV and WLNE-TV, "John Doe" began posting comments on their respective Facebook pages relating to the private information they had aired publicly. Other than WPRI-TV which upon information and belief deleted the postings, WJAR-TV and WLNE-TV knowingly allowed "John Doe" whose real name they knew to post comments on its Facebook page which allowed "John Doe" and/or "John Doe" posting under a pseudonym to further disclose and disseminate identifiable information which concerned private facts relating to the Plaintiff's private life which was not of legitimate concern to the public.

21. That Defendants, and each of them, revealed and disclosed publicly private facts relating to Plaintiff's private life the subject matter of which is not of legitimate concern to the public interest.

IV. <u>CLAIM</u>

<u>(COUNT I – VIOLATION OF R.I.G.L. § 9-1-28.1(a)(3) )</u>

22. The allegations set forth in Paragraphs 1 – 21 are restated and incorporation herein by reference.

23. That Plaintiff has the right to be secure from unreasonable publicity with respect to her private life.

5

Case Number: NC-2017-0014
Filed in Newport County Superior Court
Submitted: 1/11/2017 4:45:04 PM
Envelope: 890811
Reviewer: Patricia DelBrocco

24. That Defendants, and each of them, violated Plaintiff's right to be secure from unreasonable publicity with respect to her private life when they published on air and on its internet websites and Facebook pages private facts relating to Plaintiff's personal life the subject matter of which is not of legitimate concern to the public interest.

25. That the Defendants, and each of them, published private facts with respect to Plaintiff's personal life by airing and posting said facts on their news shows, websites and Facebook pages as set forth in this Complaint not because the information was of a legitimate concern to the public interest, rather, because the content of the documents on the thumbdrive were salacious and would attract the attention of its audience.

26. That the facts made public by the Defendants, and each of them, as aforesaid are offensive and/or objectionable to a reasonable person of ordinary sensibilities.

27. That the actions of Defendants, and each of them, as aforesaid constitute a violation of R.I.G.L. § 9-1-28.1(a)(3).

WHEREFORE, Plaintiff Courtney Kellogg demands judgment against Defendants, and each of them for compensatory and punitive damages, costs, expenses, and such other and further relief as this Court deems just and reasonable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

COURTNEY KELLOGG
By her Attorneys,
HOULIHAN, MANAGHAN, MORRISSEY & KYLE, Ltd.

/s/        Keith B. Kyle #3876
195 Broadway, 2nd flr
Newport, RI 02840
(401)846-7777
(401)848-7141 facsimile
keith@hmandklaw.com

DATED: